IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zavien Lenoy Canada, | ) C/A No. 8:12-1171-GRA-JDA |
| Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| E. Jean Howard, | ) |
| Respondent. | ) |

Petitioner, Zavian Lenoy Canada, ("Petitioner"), a federal prisoner in the Federal Correctional Institution Florence ("FCI Florence") of the Bureau of Prisons, in Florence, Colorado, who is proceeding *pro se*, has filed this "Petition for Writ of Habeas Corpus 28 U.S.C. § 2243 Order to Show case," which is docketed as a habeas petition filed pursuant to 28 U.S.C. § 2241. This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for initial screening. Having carefully reviewed the instant Petition, Petitioner's prior proceedings in this Court,[1] and the applicable law, the undersigned recommends that the instant § 2241 Petition be summarily dismissed, without prejudice.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act

---

[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

1

of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, the court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may also apply

these rules to a habeas corpus petition not filed pursuant to § 2254). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

Petitioner names Assistant United States Attorney E. ("AUSA") Jean Howard, not the Warden of FCI Florence, as Respondent.[2] Petitioner alleges that he was convicted and sentenced, on February 6, 2009, in C/A No. 6:09-00415, of one count of violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), *i.e.* selling, distributing, or dispensing 5 grams or more of cocaine base, and his sentence for this offense was made concurrent with a sentence that Petitioner had previously received in C/A No. 6:08-00920-GRA. Petitioner alleges that, on January 13, 2012, pursuant to 18 U.S.C. § 3582(c)(2), this court reduced Petitioner's sentence in C/A 08-920 from 130 months to 120 months. Petitioner alleges that his sentence reduction in C/A No. 08-920 was based on a United States Sentencing Guidelines ("U.S.S.G.") sentencing range that was subsequently lowered and made retroactive by the United States Sentencing Commission, pursuant to 28 U.S.C. § 994(u)m, after taking into account the policy statement set forth at U.S.S.G. § 1.B1 and the

---

[2] A prisoner's custodian is the proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

3

sentencing factors set forth in 18 U.S.C. § 3553(A).  However, Petitioner alleges, that the 150-month sentence that he received in C/A No. 09-415 remains the same and that AUSA Howard "did not reduce, recommend or file the Petitioner's criminal case no. 6:09-00415(1), in compliance with sentence reduction provision as outline in the retroactive U.S.S.G § 994(u) and § 1.B1.10 and § 3553(A) prejudicely."  ECF No. 1, p. 2.  Petitioner asserts that his 150-month sentence in C/A No. 09-415 "fall[s] under the new retroactive U.S.S.G. §§ 994(u) and 1.B1.10, and requires the 150 months to be reduced."  *Id.*

Petitioner has not previously filed a motion pursuant to 28 U.S.C. § 2255 or a habeas petition pursuant to 28 U.S.C. § 2241 seeking to challenge his criminal conviction and/or sentence in C/A No. 09-415.[3]  The docket in C/A No. 08-920 confirms that Petitioner's sentence of 130 months (total, for violations of 21 U.S.C. § 841(a)(1) and (b)(1)(B), (C), (D) selling, distributing, or dispensing 5 grams or more of cocaine base, cocaine, and a quantity of marijuana, and violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e) armed career criminal, and violation of 18 U.S.C. § 924(c)(1)(A) use of firearm in furtherance of crime of violence or drug trafficking), was reduced by Senior United State District Judge G. Ross Anderson on January 13, 2012, to 120 months.  This sentence reduction occurred after Petitioner's direct appeal, filed on May 4, 2009, was dismissed, on August 26, 2009, pursuant to a motion to dismiss under Rule 42(b) of the Federal Rules of Appellate Procedure.  *See* C/A No. 08-920, ECF No. 71.  There is a docket entry in C/A

---

[3] The undersigned takes judicial notice of Petitioner's prior proceedings in this court.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

No. 09-415 for a sentence reduction report, filed on January 5, 2012 at ECF No. 49, indicating that "Def. does not qualify for a reduction."

On July 10, 2012, Petitioner filed a handwritten "Motion to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) Retroactive Supreme Court Ruling," which is virtually identical to the Petition in the instant case. Petitioner's motion has been filed in Petitioner's criminal case, C/A No. 09-415.

## DISCUSSION

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Petitioner has failed to make such a showing. The fact that Petitioner did not avail himself of the opportunity to file a motion for relief under § 2255 within the one-year period of limitation established by § 2255(f)[4] and may now be time-

---

[4] Title 28 U.S.C. § 2255(f) provides:

[a] 1-year period of limitation shall apply to a motion under this section. The limitation

barred from doing so does not mean that the potential relief of § 2255 is inadequate or ineffective[5]; it simply means that Petitioner is not entitled to it.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Fourth Circuit held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's

---

period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[5] "The fact that a Section 2255 action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective." *Coleman v. Owen*, C/A No. 0:10-2151-SB-PJG, 2010 U.S. Dist. LEXIS 102020 at *8, 2010 WL 3842381 at *3 (D.S.C. Aug. 30, 2010) adopted by, writ of habeas corpus dismissed, dismissed without prejudice by 2010 U.S. Dist. LEXIS 112991, 2010 WL 4337995 (D.S.C., Oct. 22, 2010) (citing *Phillips v. Jeter*, Civil Action No. 4:04-CV-0846-Y, 2005 U.S. Dist. LEXIS 2939, 2005 WL 465160, *1-*2 (N.D. Tex., Feb. 25, 2005), appeal dismissed, *Phillips v. Jeter*, No. 05-10494, 193 Fed. Appx. 326, 2006 WL 2006 WL 2254537 (5th Cir., August 7, 2006); *cf. United States v. Winestock*, 340 F.3d at 200; *Rhodes v. Houston*, 258 F. Supp. 546 (D. Neb. 1966)). *See also United States v. Sanders*, 247 F.3d 139, 141-43 (4th Cir. 2001) (upholding dismissal of § 2255 motion filed 24 months after deadline even though Government successfully moved to reduce petitioner's sentence in the interim.)

direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." However, this statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines, even as to the Armed Career Criminal Act. *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); *see also United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing *In re Jones*, 226 F.3d at 333-34).

Petitioner's allegation that his sentence deserves to be reduced "based on a Guideline Sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission" does not satisfy the *Jones* criteria. While not a claim that can be properly brought in a § 2241 petition, Petitioner's assertion that a U.S.S.G. amendment applies to his offense may serve as a valid basis on which to assert a claim for relief in a motion, brought under 18 U.S.C. § 3582(c)(2), for a reduction of Petitioner's sentence for violation of 18 U.S.C. § 841(a), b(1)(A). Title 18 U.S.C. § 3582(c)

7

sets forth limited exceptions to the rule that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Under 18 U.S.C. § 3582(c)(2), a district court may modify the defendant's sentence *only* if the sentencing amendment is listed in the Guidelines as being retroactively applicable. "A guideline amendment may be applied retroactively *only* when expressly listed in U.S.S.G. § 1B1.10(c)." *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004) (emphasis added). The Sentencing Commission reduced the base offense levels applicable to offenses involving various quantities of cocaine listed in the Drug Quantity Table contained in § 2D1.1(c). The amendments, including Amendments 706 and Parts A and C of Amendment 750, are listed in § 1B1.10(c) and are therefore retroactive and may serve as grounds for a reduction of sentence in appropriate cases. *See* U.S.S.G. Appx. C, Amends. 706 & 750 (2011). However, "a defendant is ineligible for a reduced sentence if 'the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.'" *See* U.S.S.G. §§ 1B1.10(a)(2)(B) and 1B1.10(c); *see also United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010) (quoting U.S.S.G. § 1B1.10 cmt. n.1 (2008)). "A defendant who was convicted of a [cocaine base] offense but sentenced pursuant to a mandatory statutory minimum sentence is ineligible for a reduction under § 3582(c)(2)." *United States v.*

*Larkins*, 2012 U.S. App. LEXIS 12611, 2012 WL 2312084 (4th Cir. June 19, 2012) (citing *Munn*). Summary dismissal of the instant § 2241 Petition, without prejudice, would not preclude Petitioner from pursuing the motion which he has recently filed in his criminal case in this Court, pursuant to § 3582(c)(2), seeking a reduction in his sentence based on the amendment of the Federal Sentencing Guidelines.

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice. Petitioner's attention is directed to the important notice on the next page.

Jacquelyn D. Austin
United States Magistrate Judge

July 11, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).