UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Zavien Lenoy Canada, ) | |
| ) | C/A No.: 8:12-cv-01171-GRA-JDA |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| E. Jean Howard, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court for review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on July 11, 2012. Petitioner commenced this action on May 2, 2012, by filing the "Petition for Writ of Habeas Corpus 28 U.S.C. § 2243 Order to Show Cause."[1] Under established local procedure in this judicial district, Magistrate Judge Austin made a careful review of the *pro se* petition pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104–132, 110 Stat. 1214, and applicable case law. Magistrate Judge Austin recommends that this Court dismiss Petitioner's petition without prejudice. This Court adopts the magistrate's recommendation in its entirety.

Petitioner is a federal prisoner currently detained at FCI Florence. Petitioner alleges that he was convicted and sentenced on February 6, 2009 for one count of selling, distributing, or dispensing five grams or more of cocaine base. Cr. No. 6:09-

---

[1] The magistrate judge properly construed Petitioner's petition as proceeding under 28 U.S.C. § 2241.

00415. Petitioner's sentence ran concurrent to another sentence that he had previously received on May 1, 2009. Cr. No. 6:08-920. On January 13, 2012, this Court reduced Petitioner's sentence for Cr. No. 6:08-920 from 130 months to 120 months pursuant to 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that had been subsequently reduced and made retroactive. *See* ECF No. 71, Cr. No. 6:08-920. On July 24, 2012, this Court denied Petitioner's *pro se* motion to reduce his sentence for case number 6:09-415 due to Petitioner's status as a career offender. *See* ECF No. 53, Cr. No. 6:09-415. Nevertheless, Petitioner alleges that the 150-month sentence he received in Cr. No. 09-415 should be reduced pursuant to the new guideline sentencing range. The magistrate now recommends dismissing the petition without prejudice.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* The Petitioner filed objections to the Report and Recommendation on July 30, 2012. *See* ECF No. 11. This Court finds that Petitioner's Objections are general and conclusory. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's petition is DISMISSED without prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August 2, 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.